Date signed June 21, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 05-16380PM |
|---|---|
| **Gwendolyn B. Crockett-Wise,** <br><br> Debtor. | **Chapter 13** |
| **Gwendolyn B. Crockett-Wise,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Ocwen Federal Bank, FSB and LaSalle National Bank, Trustee,** <br><br> **Defendants.** | AP No. 05-01947 |

## MEMORANDUM OF DECISION

This case is before the court on the motion for summary judgment filed by Ocwen Federal Bank, FSB and LaSalle National Bank, Trustee (the "defendants"). What is most remarkable about this case is an incredible demonstration of incompetence by the loan servicer, Ocwen Federal Bank, FSB. Its failures to file adequate pleadings and filing of erroneous Proofs of Claim in this case and in other cases involving this individual debtor/plaintiff have complicated the issues presented tenfold and more. One need only look at the attachment to Proof of Claim No. 1, a deed of trust that long since released. Because of this continued demonstration of incompetence and lack of attention to detail, the defendants are not entitled to reimbursement of any costs incurred in their numerous attempts to collect the amount due under the debt secured by the deed of trust recorded

April 30, 1980, at Liber 5254, Folio 665, among the land records of Price George's County, Maryland. This deed of trust was in the original amount of $50,350.00 with interest at the rate of 14% per annum. <u>Defendants' Exhibit A</u>. At this point, it must be noted the inability of Ocwen Federal Bank, FSB to get its story straight. Until the date of trial it was unaware that Community Federal Savings & Loan had been merged with Independence Federal Savings Bank.

  The case involves the efficacy of a release of lien dated March 11, 1994, recorded March 5, 2005. <u>Defendants' Exhibit M</u>. This release was executed by an agent of the F.D.I.C., Robert A. Russo, on March 11, 1994. On that same date, he marked as paid the promissory note originally payable to the National Bank of Washington in the original sum of $50,000.00 that was secured by the indemnity deed of trust. The release purports to release the deed of trust originally securing the loan of Community Federal Savings & Loan, not the indemnity deed of trust that secured the obligation to the National Bank of Washington. Other errors in the release deal with the amount of the loan and the location of the real property as being stated within the District of Colombia. For all the court knows, the lien of the indemnity deed of trust sought to be released remains of record.

  The debtor/plaintiff's complaint filed September 13, 2005, requests a ruling of this court that the release dated March 11, 1994, served to release the deed of trust of Community Federal Savings & Loan, that it was properly filed and that the deed of trust dated April 4, 1980, is of no force and effect. In other words, the debtor/plaintiff urges, by virtue of the payment by her of $7,000.00 to the F.D.I.C. on May 29, 2003, that she was released from two obligations. The first of these is the obligation to repay the F.D.I.C. in its capacity as successor to the National Bank of Washington, the original lender, in the sum of $65,929.45 (principal and interest). This transaction is documented as the defendants' Exhibits J, K and L. The second aspect of that release that the debtor/plaintiff urges is to release her from the Community Federal Saving & Loan deed of trust that is now held by LaSalle National Bank, Trustee. Ocwen Federal Bank, FSB is the servicing agent. The debtor/plaintiff also questions whether Ocwen Federal Bank, FSB is the current holder of the promissory note secured by the deed of trust. However, the history of the assignment of the deed of trust and the obligation secured thereby is adequately documented by the defendants' Exhibits A, E, F, G, H, and I.

The court finds that there is no material fact in dispute. The F.D.I.C., or its agent, had no right to release the deed of trust held by the defendants. The delivery and eventual recording of the release of the deed of trust was a nullity.

While raised by neither party, the court notes that on March 25, 2004, in Case No. 01-19335, an earlier case under chapter 11 filed by the debtor/plaintiff, LaSalle National Bank, through its loan servicer, filed a motion for relief from stay duly pleading that it is the holder of note secured by a deed of trust recorded at Liber 5254, Folio 665, that encumbers the debtor/plaintiff's property at 7423 Calder Drive, Capitol Heights, Maryland. The debtor/plaintiff's response filed April 8, 2004, admitted the allegations of that paragraph, together with the allegation of the principal amount of the debt. On April 27, 2004, there was entered a consent order providing for the curing for the postpetition defaults under the deed of trust. It appears from the record that the debtor/plaintiff had the release of lien in her possession at the time she entered into that consent agreement.

An appropriate order will be entered.

cc:    Gwendolyn B. Crockett-Wise
       7423 Calder Drive
       Capitol Heights, MD 20743

       Richard L. Costella
       Kerry E. Hopkins
       Miles & Stockbridge P.C.
       10 Light Street
       Baltimore, MD 21202

       Gene Jung
       Bierman, Geesing & Ward, LLC
       4520 East-West Highway
       Suite 200
       Bethesda, MD 20814

**End of Memorandum of Decision**